**VEN–FUEL, INC., Plaintiff-Appellant,**

v.

**DEPARTMENT OF THE TREASURY, et al., Defendant-Appellee.**

**No. 81–5428.**

United States Court of Appeals, Eleventh Circuit.

April 19, 1982.

James E. Tribble, James C. Blecke, Miami, Fla., for plaintiff-appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Kerry Brooks Thomas, Miami, Fla., for defendant-appellee.

Before VANCE, HATCHETT and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant Ven-Fuel, Inc. ("Ven-Fuel") sued appellees, United States Department of the Treasury, United States Customs Service, United States and various federal officials ("Government") for a declaratory judgment. Ven-Fuel contends that a prior criminal decision of the former Fifth Circuit, *United States v. Ven-Fuel, Inc.*, 602 F.2d 747 (5th Cir. 1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980), collaterally estops the Government from relitigating certain issues in a subsequent, pending civil proceeding in the United States District Court for the District of Massachusetts. Ven-Fuel seeks a declaratory judgment in its favor on this issue of collateral estoppel. The district court here dismissed Ven-Fuel's complaint with prejudice and, in the alternative, granted the Government's motion for summary judgment. We affirm the dismissal as herein modified, and vacate that portion of the district court's decision granting the Government's motion for summary judgment.

 In its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties. *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981) (pending state action); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967), *cert. denied*, 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968) (pending federal action); 6A *Moore's Federal Practice* ¶ 57.08[6–1] (1979). One equitable consideration in such decision is whether the declaratory judgment action was filed in apparent anticipation of the other pending proceeding. *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) (opinion by Ingraham, J.), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d at 663; *E. F. Hutton & Co. v. Cook*, 292 F.Supp. 409, 410 (S.D.Tex.1968). Here, on February 13, 1980, the Government advised Ven-Fuel that if Ven-Fuel did not pay a certain assessed penalty "forthwith," then the Government would institute judicial proceedings to collect that penalty. On the next day, in apparent anticipation of imminent judicial proceedings by the Government, Ven-Fuel filed the instant declaratory judgment action. One week later the Government filed the promised civil action in the United States District Court for the District of Massachusetts, seeking to recover the penalty. Ven-Fuel has not argued that it is unable to raise its claim of collateral estoppel before the Massachusetts district court. Indeed, at oral argument, counsel for Ven-Fuel stated that Ven-Fuel intended to make the same arguments to the Massachusetts district court that Ven-Fuel has made to the district court here. Under these circumstances, we hold that the district court did not abuse its discretion in declining to entertain this declaratory judgment action. However, because the decision to decline to entertain this action necessarily means that neither this court nor the district court intimates any views on the merits of Ven-Fuel's claims, we modify the district court's decision in two respects. First, we modify the order of dismissal with prejudice to an order of dismissal without prejudice. Second, we vacate the district court's alternative grant of the Government's motion for summary judgment. Thus, Ven-Fuel will be fully able to raise its claim of collateral estoppel in the Massachusetts district court with no ruling by this court or by the district court as to the merits of this claim.

AFFIRMED IN PART AS MODIFIED, VACATED IN PART.