CITY FEDERAL SAVINGS
BANK, Plaintiff,

v.

DOMINION FEDERAL SAVINGS AND
LOAN ASSOCIATION, Defendant.

No. 86–12007–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

April 8, 1987.

Kevin J. O'Grady, Miami, Fla., for plaintiff.

Robert M. Sondak, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

SPELLMAN, District Judge.

This CAUSE comes before the Court on Defendant, DOMINION FEDERAL SAVINGS AND LOAN ASSOCIATION's, Motion to Stay or Dismiss. The question presented is whether this Court may dismiss the pending action for declaratory relief where there is a pending state court action in which the same declaratory relief may be sought by way of counterclaim. Having reviewed said Motion, the memoranda of law in support thereof and in response thereto and the file in the above-styled case, it is hereby

ORDERED AND ADJUDGED that said Motion is GRANTED and the CAUSE is hereby DISMISSED.

I

The Complaint in this case was filed on November 19, 1986, seeking declaratory relief. Jurisdiction was founded upon 28 U.S.C. §§ 1332, 2201. The Plaintiff is a federal savings bank association with its principal place of business in New Jersey. The Defendant is a federal savings and loan association with its principal place of business in Virginia. The Plaintiffs seek a declaration regarding their rights and obligations under certain loan documents entered into between the parties wherein the Defendant is alleged to have committed itself to provide permanent mortgage loans of approximately eighty million dollars.

On the same day, Defendant filed a Bill of Complaint in the Circuit Court, Fairfax County, Virginia, seeking specific performance of the contract. City Federal Savings Bank ("City Federal") has answered the Complaint in the state court action and spring trial dates are available. *See Affidavit in Support of Defendant's Motion* at 3. In this Court, all that has been filed subsequent to the Complaint is Defendant's Motion.[1]

---

1. Defendants originally filed two suits in the state courts. One was an action in the Chancery Court seeking specific performance of the contract. The other was an action at law seeking monetary damages. *See Affidavit in Support of Motion to Stay or Dismiss.* At the time the Motion to Dismiss was filed in this Court, City Federal was in default in the action at law. *Id.* at 2. It is now clear that any default entered has been withdrawn and both causes are proceeding. *See* Exhibit A, *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dis-*

## II

Defendants rely on *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In *Brillhart*, the Excess Insurance Co. had filed a suit for a declaratory judgment in the Federal District Court for Kansas. Petitioner moved to dismiss the suit on the grounds that the issues presented in the federal action could be decided in the garnishment proceedings which were simultaneously pending in a Missouri state court. The district court granted the motion to dismiss, but did so without considering whether the claims presented by the respondent could be raised in the pending state court action under applicable law. *Id.* at 493–94, 62 S.Ct. at 1174–75. The failure of the district court to make this finding, in the first instance, constituted an improper exercise of its discretion and the case was remanded back to the district court. *Id.* at 495–96, 498, 62 S.Ct. at 1175–76, 1177.

The United States Supreme Court recognized, however, the propriety of dismissal in a case such as that presented here. Part of the reasoning of the Court rested on the discretionary nature of declaratory judgments as it relates to the relationship between state and federal courts where the federal court is confronted with a decision regarding the exercise of that jurisdiction. The Court noted:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. The motion rested upon the claim that, since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as

> vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* at 494–95, 62 S.Ct. at 1174–75 (citations omitted).

Thus, under *Brillhart*, this Court may grant Defendant's Motion provided it "consider[s] whether, under applicable local law, the claims sought to be adjudicated by the [Plaintiff] in this suit for a declaratory judgment ha[ve] either been foreclosed by [Virginia] law or [can] adequately be tested in the ... proceeding pending in the [Virginia] state court." *Id.* at 495–96, 62 S.Ct. at 1175–76. Plaintiff has neither established that its claims presented in the declaratory judgment action are foreclosed by Virginia law, and therefore must be presented here, nor has it attempted to rebut Defendant's assertions that such is not the case. *See Affidavit in Support of Defendant's Motion* at 2 ("Assuming that City Federal timely files its responsive pleading to the bill of complaint ... it could file a counterclaim against Dominion Federal seeking, in essence, the same declaratory relief it seeks in these proceedings."). Virginia Rules of Court and Virginia law substantiate this position. *See* Va.Code Ann. § 8.01–184 (1986 Cum.Supp.) (Power to issue declaratory judgments); Va.R.Sup.Ct. 2:13 (Equity Practice and Procedure, Cross Bill Against Plaintiff), 3:8 (Practice in Actions at Law, Counterclaims). Were this Court's analysis to end here, there would be no reason for it to find that Plaintiff's claims raised in its declaratory judgment suit cannot be adequately addressed in the state court proceedings, and the Motion to Dismiss could be granted. This approach would be fully consistent with the position taken in this Circuit. *See, e.g., Angora Enterprises, Inc. v. Condominium Assoc. of Lakeside Village Inc.*, 796 F.2d 384, 387–88 (11th Cir.1986); *Michigan Tech-Fund v. Century National Bank of Bro-*

*miss; Supplemental Authorities in Support of Defendant's Motion.*

*ward,* 680 F.2d 736, 742 (11th Cir.1982); *Ven-Fuel, Inc. v. Dept. of the Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982).

Plaintiffs, however, urge this Court to recognize that *Brillhart,* although not overruled, is substantially modified and is perhaps now inconsistent with present day United States Supreme Court ideology regarding the scope of federal jurisdiction. Plaintiffs rely instead on *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), as elaborated upon in *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Preliminarily this Court notes that at least one court has stated that the discretionary nature of declaratory judgments place such actions outside the scope of *Cone,* a case involving a court's mandatory jurisdiction. *Mission Insurance Co. v. Puritan Fashions, Inc.,* 706 F.2d 599, 601 n. 1 (5th Cir.1983). The Eleventh Circuit, however, has not yet addressed the distinction and cases such as *Angora* indicate that an analysis of *Colorado* is warranted. *Angora,* 796 F.2d at 387–88.

In *Colorado,* the United States Supreme Court reviewed what it considers to be the three general categories of abstention. *Colorado,* 424 U.S. at 813–17, 96 S.Ct. at 1244–46. Admittedly, none of those apply to this case. The Court went on, however, to note that:

> there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "[w]ise federal administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

*Id.* at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). While "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention ... [t]he former circumstances, though exceptional, do nevertheless exist." *Id.* at 818, 96 S.Ct. at 1246. Plaintiffs argue that the dismissal is unwarranted, even under this "exceptional circumstances" test. This Court does not agree and is of the opinion that *Brillhart* is fully consistent with *Colorado*'s exceptional circumstances test. Perhaps today more than ever, the *Brillhart* rule can be said to rest on principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817, 96 S.Ct. at 1246.

After stating that such "exceptional circumstances" do exist, the Court stated:

> It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts. ... In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal.

*Colorado,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47 (citations omitted). The Supreme Court has reaffirmed the application of these four factors. *Cone,* 460 U.S. at 15, 16, 103 S.Ct. at 936, 937. Assessment of these factors regarding an ultimate decision

> does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor

may vary greatly from case to case, depending on the particular setting of the case.

*Cone,* 460 U.S. at 16, 103 S.Ct. at 937.

The factors which the Supreme Court found to be significant in *Colorado* included: the clear federal policy to avoid piecemeal adjudication of water rights in a river system, as evinced by the McCarran Amendment; the absence of any proceedings in the District Court, other than the filing of the Complaint, prior to the motion to dismiss; the extensive involvement in the suit of rights governed by state law; the geographical inconvenience of the federal forum and the existing participation by the government in other similar suits in state court. *Colorado,* 424 U.S. at 819–20, 96 S.Ct. at 1247–48; *see also Cone,* 460 U.S. at 16, 103 S.Ct. at 937 (reevaluating what the Court found to be significant in *Colorado* under this test). *Cone* reiterates that all of these factors are to be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Cone,* 460 U.S. at 21, 103 S.Ct. at 940.

Applying these factors to this case compels this Court to grant Defendant's Motion. Admittedly, this case does not involve a situation where one court has assumed jurisdiction over property so as to warrant the exercise of that jurisdiction to the exclusion of another court. The fact that the loan agreement involved in this case covered mortgages of property in Florida does not turn this into an action *in rem.* Nor does this case involve a situation such as that in *Colorado* where there was a statute which evinced a clear federal policy to avoid piecemeal litigation. On the other hand, however, this case does involve an action for a declaratory judgment and this Court is of the opinion that the discretionary nature of declaratory judgments can be a significant factor for this Court to take into account in assessing the merits of Defendant's Motion under the test announced in *Colorado. Cf. Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). After all, a declaratory judgment action, unlike *Colorado* or *Cone,* does not involve a court in making a determination regarding the abdi-

cation of the exercise of its mandatory jurisdiction. This factor has been recognized as a permissible one in this Circuit, and this Court agrees that:

> [u]nnecessary interference with state court litigation should be avoided. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.

*Angora,* 796 F.2d at 388 (quoting 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil 2d* § 2758 at 630–32 (footnotes omitted); *accord Allied-General Nuclear Services v. Commonwealth Edison Co.,* 675 F.2d 610, 611 (4th Cir.1982) (Declaratory Judgment Act grants discretionary jurisdiction and the exercise of such discretion should be declined where the result would be to try a controversy by piecemeal or to interfere with an action which had already begun); *Aetna Casualty and Surety Co. v. Quarles,* 92 F.2d 321, 324 (4th Cir.1937) (Declaratory Judgment Act affords new form of relief where needed and is not intended to furnish a new choice of tribunal or draw into federal court causes properly cognizable in state courts).

This Court also believes that dismissal of this suit will avoid piecemeal litigation. The Supreme Court has arguably recognized that this is what *Brillhart* itself teaches. *See Colorado,* 424 U.S. at 818, 96 S.Ct. at 1246–47 (among the factors which a Court may take into consideration is "the desirability of avoiding piecemeal litigation") (citing *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), for comparison). The Defendant asserts that trial dates for the state court action are available this spring, presumably discovery has begun and, significantly, Plaintiffs have filed with the Circuit Court in Virginia two praecipe establishing that they have withdrawn any claim that the state court lacks personal jurisdiction over them. *See Supplemental Authorities in Support of Motion to Stay*

or *Dismiss.* Moreover, as indicated, the declaratory relief sought in this action can be presented in the state court. Thus, there is no reason for this Court to proceed with an adjudication herein where one umbrella is available that will keep everybody out of the rain. Arguably, the reverse could be true, in that the action for specific performance *could* be asserted by way of counterclaim in the pending action for declaratory relief. But insofar as *Colorado* allows this Court to look at the progress which has taken place thus far in each action, the fact that no more than the complaint and Defendant's Motion have been filed in this case justify avoiding piecemeal litigation in favor of allowing the state court action to proceed.

As indicated, *Colorado* allows the Court to look at the progress to date in each court in assessing the merits of the Motion. *Colorado,* 424 U.S. at 818, 820, 96 S.Ct. at 1246–47, 1247–48. Plaintiffs mischaracterize the application of this factor in their memorandum in opposition to Defendant's Motion. *Cone* makes it clear that the Court is not, as Plaintiffs assert, to look at which court has obtained jurisdiction first or in which court the complaint is first filed, but rather to look at the facts to see what in fact is the *progress* in each court to date. *Cone,* 460 U.S. at 21–22, 103 S.Ct. at 939–40. Here, as in *Colorado,* no more than a Motion to Dismiss has been filed subsequent to the filing of the Complaint. In the state court action, the Plaintiffs have answered the complaint, dropped any affirmative defense contesting the state court's personal jurisdiction over them and trial dates are ready to be set. Thus, unlike *Cone,* here the state suit is running well ahead of the federal suit at the time this Court decides not to adjudicate the case. *Cone,* 460 U.S. at 22, 103 S.Ct. at 940.

The last two factors enunciated in *Colorado,* what law governs and the geographical inconvenience of the federal forum, weigh in favor of dismissal here. Clearly, this case involves only questions of state law. Also, the Virginia court is far more geographically convenient to the parties. This Court is located in Miami, Florida.

Defendant's principal place of business is in Virginia; Plaintiff's is in New Jersey. No matter where the action proceeds, out of state depositions will need to be taken. While the loan agreement covered mortgages on property located in Florida, the payments under it are to be made to Virginia. *See Reply Memorandum* at 7.

All of these factors have aided this Court in addressing Defendant's Motion. This Court believes this result reflects "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise...." *Colorado,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. Accordingly, the CAUSE is DISMISSED.