**Lynn MARTIN, Secretary of the U.S. Dept. of Labor, Plaintiff,**

v.

**SOUTH CAROLINA BANK, et al., Defendants.**

**Civ. No. 92–298–1–MAC (DF).**

United States District Court, M.D. Georgia, Macon Division.

Dec. 3, 1992.

C. Perlman Leslie, Timothy Hauser, Michael Schloss, U.S. Dept. of Labor Office of Sol., Washington, DC, for plaintiff.

Donald M. James, Michael R. Pennington, James S. Christie, Jr., Birmingham, AL, Robert P. Gallagher, Tom Gigot, Washington, DC, Peter Q. Bassett, Philip C. Cook, Atlanta, GA, William J. Kilberg, Paul Blankenstein, Derry Dean Sparlin, Jr., Washington, DC, John C. Edwards, Macon, GA, for defendants.

## ORDER

FITZPATRICK, District Judge.

The Fickling Defendants' and South Carolina National Bank's motions to transfer pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to stay the case presently are pending before the Court.

## BACKGROUND

 In 1990, the Charter Medical Corporation's ("Charter") Stock Ownership Plan[1] ("ESOP") purchased stock in Charter for eighty million dollars ($80,000,-000.00) from William Fickling, Mr. Fickling's relatives, and various business entities affiliated with Mr. Fickling and his relatives. South Carolina National Bank ("SCNB"), as trustee for the ESOP, entered into the stock transaction on the ESOP's behalf. At the time of the purchase, Mr. Fickling was the President of Charter and Chairman of its Board of Directors. He also controlled over 50% of the combined voting power in Charter. Thus, Mr. Fickling was a "party in interest" with respect to the ESOP under ERISA, as were his relatives and affiliated business entities.

In May of 1991, two participants in the Charter ESOP filed a civil action—*Knop v. Charter Medical Corp.*—in the United States District Court for the Northern District of Alabama against Charter, Charter's former owners, SCNB and others. The participants brought their action derivatively and on behalf of the alleged class consisting of "all participants of the ESOP,

---

1. The ESOP is an employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(3).

with the exception of any of the defendants who may be participants." The *Knop* plaintiffs alleged, among other things[2], that SCNB caused the ESOP to purchase Charter stock for more than "adequate consideration" in violation of Sections 404(a) and 406(a) of ERISA, 29 U.S.C. §§ 1104(a), 1106(a). The plaintiffs requested rescission of the 1990 transaction, plus damages and other equitable relief on behalf of the ESOP. As required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h), the plaintiffs notified the Secretary of the United States Department of Labor. *See* Second Affidavit of David M. Woolridge, ¶¶ 2–3.

*Knop* was settled on a class action basis by the parties and an Order and Final Judgment approving the settlement was entered by the Alabama district court on April 30, 1992. The terms of the settlement included a release, on behalf of the ESOP and the participant class, of any further claims arising from the 1990 transaction against SCNB or "William A. Fickling, Jr. and his family and related entities."

The Secretary was notified about the settlement well in advance of the Alabama court's final judgment approving the it. In a letter to counsel in the *Knop* litigation, dated April 9, 1992 the Secretary stated that she would continue her own investigation concerning possible ERISA violations and that the settlement would not bind her enforcement of ERISA. See Exhibit D to SCNB's Motion to Transfer. The Secretary then added that "[w]hile [the Department of Labor] [does] not wish to make the chances of settling the *Knop Action* any less likely, we feel it would be disingenuous to allow it to go forward without making the above clear to the parties to such settlement." *Id.* At the settlement hearing, the Alabama court was informed that the Secretary would not be bound by the settlement. *See* Exhibit J, p. 4, to Secretary's Opposition to Motions to Transfer.

The settlement subsequently was approved without challenge, which resulted in a release of all relevant claims on behalf of the ESOP and its participants against William A. Fickling, Jr., J & R Capital Company, Ltd., and W & J Capital Company, Ltd., all named as defendants in *Knop*[3]. The case was then dismissed with prejudice subject to the Alabama district court's retention of jurisdiction with respect to the enforcement of the settlement. *See* SCNB's Exhibit B to Motion to Transfer.

In the settlement, Charter agreed to a program of loan forgiveness and accelerated contributions to the ESOP and to the creation of a new $12.3 million employee benefit plan. The plaintiffs and SCNB also agreed to release any of the ESOP's claims against the defendants.[4] The Secretary was never joined as a third-party by any of the other litigants. Furthermore, the settlement did not purport to bind the Secretary to release her claims under ERISA, nor was the settlement contingent on the Secretary's approval of its terms.

In a letter dated June 19, 1992, the Secretary notified counsel for all of the Fickling Defendants and SCNB that she was asserting ERISA claims and demanding the relief set forth in the Secretary's Complaint in the instant action. In response, SCNB filed a series of motions and other pleadings in the Northern District of Alabama effectively seeking a declaratory judgment that the release and other terms of the *Knop* settlement operated to preclude the inconsistent and incompatible demands asserted in the Secretary's June 19, 1992 letter.

On July 24, 1992, the Secretary filed the lawsuit in this Court seeking relief for alleged violations of the Employee Retirement Income Security Act of 1974

---

**2.** The complaint in *Knop* also challenged a 1988 stock transaction and involved state and securities law claims.

**3.** The Fickling Defendants also assert that the settlement, which released "family [or] related entities", effectively released Neva L. Fickling, William A. Fickling, III, Jane F. Skinner, Julia C. Fickling, Roy H. Fickling, Claudia F. Fickling, Katherine M. Wright, Virginia M. Rabun, as well as Nationsbank Trust Company and Bank South of Macon, respectively as Trustees of various trusts involving the Fickling family.

**4.** This agreement was made even though the ESOP was not a party to the action.

("ERISA") in connection with the 1990 stock transaction involving the ESOP[5]. The gravamen of the Secretary's Complaint is that SCNB paid inflated prices to parties in interest for the Charter stock in violation of ERISA. The Secretary also contends that SCNB relied on the defective appraisal of the stock and failed to consider the substantial indebtedness of Charter. The Secretary's action includes claims for relief, which were not sought by the plaintiffs in *Knop*, such as the appointment for an independent fiduciary for the ESOP, removal of SCNB from its position as trustee in ESOP, and injunctive relief preventing SCNB from violating any of the provisions of ERISA. The Secretary does not dispute, however, that the complaint in *Knop* asserted violations of ERISA with respect to the 1990 stock transaction, which are also asserted in her Complaint.

By order dated July 31, 1992 the Alabama court granted SCNB's (1) motion to consolidate its separate Complaint to Enforce Class Action Judgment and Settlement and for Declaratory Judgment, *SCNB v. Martin*, Civil Action No. CV–92–H–1544–NE (N.D.Ala. filed July 7, 1992), with the proceedings in *Knop*, and (2) SCNB's complementary motion for Leave to File a Third Party Complaint in *Knop* for declaratory and other relief against the Secretary in order to enforce the Alabama court's settlement. In addition, on August 6, 1992, the Fickling defendants filed motions seeking to be added as plaintiffs in SCNB's separate Complaint, and as third-party plaintiffs in SCNB's separate Third-Party Complaint.[6] The Secretary subsequently filed a motion to dismiss SCNB's third-party complaint or in the alternative,

to transfer the proceedings, which summarily was denied by the Alabama court.

## DISCUSSION

■■■■ The statutory venue transfer provision provides as follows:

(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (1982). The determination of whether an action should be transferred is within a district court's discretion. *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981). In determining whether a transfer should be granted the transferor court first must determine whether the action initially could have been brought in the transferee court. *First Federal Sav. & Loan Ass'n v. Berger*, 672 F.Supp. 1454 (M.D.Ga.1987). If that test is met then the transferor court must ascertain whether a transfer would serve the interest of justice. *Id.* The burden is on the movants to establish that the case should be transferred. *See Garay v. BRK Electronics*, 755 F.Supp. 1010, 1011 (M.D.Fla.1991).

### I. SECRETARY'S ABILITY TO BRING ACTION IN THE TRANSFEREE COURT.

[6] A court considering a § 1404(a) transfer initially must determine whether the transferee court had subject matter jurisdiction and venue and whether the defendants were amenable to service of process at the time the action was filed in the transferor court. *Berger*, at 1456. These requirements must be met at the time the action, for which transfer was requested, is

---

**5.** The Defendants in *Knop* were Charter Medical corporation, Charter Retreat Hospital, Inc., SCNB, William A. Fickling, Jr., Stanley S. Trotman, Interstate/Johnson Lane Corporation, Bankers Trust Company and James D. Daher. Of those defendants, only SCNB and William A. Fickling, Jr., are named in the Secretary's action pending in this Court. In addition, the following Defendants, who are named in the instant action, were not defendants in the *Knop* litigation: Bank South of Macon as trustee; Neva Fickling; William Fickling, III; Jane Skinner; Julia Fickling; Roy Fickling; Claudia Fickling; Katherine Wright; Virginia Raburn; the ESOP;

and Nationsbank, as trustee. Thus, only SCNB, William A. Fickling Jr., W & J Capital Company, Ltd., ("W & J") and J & R Capital Company ("J & R") are parties to both actions.

**6.** The Fickling Defendants in this case, who were not Defendants in *Knop* when the Alabama court entered its Final Order and Judgment, have also sought to intervene in the *Knop* action for purposes of joining SCNB's Third Party Complaint. At present, neither motion has been decided.

actually brought, and therefore, cannot be satisfied by a moving party's representation, subsequent to the original filing, that it will waive any objections to venue or service of process. *Hoffman v. Blaski*, 363 U.S. 335, 342–43, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960).

### A. Subject Matter Jurisdiction

■ The Secretary's Complaint alleges that this Court has subject-matter jurisdiction pursuant to ERISA § 502(e)(1), which gives, with one exception[7], the district courts of the United States exclusive jurisdiction of civil actions brought under ERISA. 29 U.S.C. § 1132(e)(1). Thus, the federal district court for the Northern District of Alabama would have had subject-matter jurisdiction in this matter at the time it was filed in this Court.

### B. Venue

Section 502(e)(2), which governs venue under ERISA provides:

> [w]here an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

■ An employee benefit plan, a partnership, or a corporation "may be found" in any district in which personal jurisdiction may be obtained over it." *Varsic v. United States Dist. Court for the Cent. Dist.*, 607 F.2d 245, 248 (9th Cir.1979); *Turner v. CF & I Steel Corp.*, 510 F.Supp. 537 (E.D.Pa.1981); *Bostic v. Ohio River Co. Basic Pension Plan*, 517 F.Supp. 627 (S.D.W.Va.1981). Defendants separately contend that venue would have been proper as to the ESOP, Defendants W & J and J & R and SCNB. The Fickling Defendants contend venue also would have been proper for Charter, who they contend is a necessary party. The Court first will address Defendants' contention that SCNB may be found

in the Northern District of Alabama, which is the Defendants' strongest argument for venue.

■ Defendants contend that SCNB could have been found in the Northern District of Alabama for venue purposes because the Secretary could have filed the present action as a counterclaim in *SCNB v. Martin*, Civil Action No. CV–92–H–1544–NE (N.D.Ala. filed July 7, 1992). Plaintiff counters that she could not have named all the Defendants in the instant lawsuit in a counterclaim against SCNB and further argues that SCNB's motion for transfer should not be granted because SCNB's lawsuit in Alabama is an improper use of a declaratory judgment action. In *A.J. Indus., Inc. v. United States Dist. Court for the Cent. Dist.*, 503 F.2d 384, 387 (9th Cir.1974), the Ninth Circuit held that "[t]he ability to raise the subject matter of a suit in the transferor district by counterclaim in the transferee district generally will satisfy the 'where it might have been brought' requirement of 28 U.S.C. § 1404(a)." The Ninth Circuit, however, emphasized that the "determination of transferability must still be made at the time of the filing of the action in the transferor district." *A.J. Indus.*, 503 F.2d at 387. Consequently, a suit cannot be transferred under the theory of *A.J. Industries* as to any "defendant in the transferor district who was not a plaintiff in the transferee district at the time the suit sought to be transferred was filed," *American Tel. & Tel. Co. v. Milgo Electronic Corp.*, 428 F.Supp. 50, 55 (S.D.N.Y. 1977); since a counterclaim could not have been filed against that defendant at the time of filing.

■ Admittedly, SCNB was the only Defendant with a case pending against the Secretary in the Alabama court at the time the Secretary filed this lawsuit. Contrary to the Secretary's assertions, however, if she had obtained jurisdiction and venue over SCNB by asserting a counterclaim, she then could have used the nationwide service of process available under section 502 to obtain personal jurisdiction and ven-

---

**7.** The exception is an action brought under 29 U.S.C. 1132(a)(1)(B).

ue over the remaining parties, *see Federal Trade Comm'n v. Jim Walter Corp.*, 651 F.2d 251, 256 (5th Cir.1981)[8], and then joined them as defendants to her counterclaim under Fed.R.Civ.Pro. 13(h). Therefore, venue would have been proper in the Northern District of Alabama as to all the Defendants at the time the Secretary filed her action in this Court.

The Secretary further argues that the principle set forth in *A.J. Industries* should not be extended to SCNB's application for transfer because SCNB filed the declaratory judgment in an attempt to control the forum for litigation. For the reasons stated in the second half of this order, the Court declines to hold that the principle set forth in *A.J. Industries* does not extend to SCNB's motion to transfer. Therefore, the Court finds that SCNB and the other defendants may be found in the Northern District of Alabama.

## C. Service of Process

■ The § 1404(a) requirement that all defendants be amenable to service of process in the transferee court is satisfied by ERISA § 502(e)(2), which permits the Secretary to obtain service of process over defendants not present in the forum district "in any district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Thus, the defendants were amenable to service of process in the Northern District of Alabama at the time Plaintiff filed her action in this Court. Consequently, since the action could have been filed in the Northern District of Ala-

bama at the time the Secretary filed her action in this Court, the first prong of the test for a § 1404 transfer has been met.

## II. CONVENIENCE OF PARTIES AND INTEREST OF JUSTICE

■ In determining whether the interest of justice would be served by transferring this case, the Court must consider several factors including the plaintiff's choice of forum, whether the witnesses who would be inconvenienced are key witnesses whose testimony could not be presented by deposition, whether similar or related actions are pending in the transferee court and whether there is uncertainty concerning this Court's ability to exercise in personam jurisdiction over the Defendants. *Berger*, at 1456–57. The moving party bears the burden of establishing that "a balance of the 1404(a) interests favor the transfer." *Berger*, at 1456.

■ Undoubtedly, the most compelling reason for transfer is that there are related proceedings pending in the Northern District of Alabama. The Alabama court has denied the Secretary's motion to transfer the SCNB's declaratory judgment action and third-party complaint to this Court. Therefore, unless this action is transferred to the Northern District of Alabama, the very same issues bearing on the Secretary's ability to proceed in the face of the prior consent judgment in *Knop* will be litigated simultaneously in two forums. The Secretary, however, argues that even

---

**8.** The Court notes that in the *Knop* litigation Defendant William Fickling initially argued that the nationwide service of process provision in Section 502(e)(2), 29 U.S.C. § 1132(e), did not negate the requirement that he have minimum contacts with Alabama before the Alabama court exercised personal jurisdiction over him.

In *Jim Walter Corp.* the former Fifth Circuit held that minimum contacts did not have to be established when an act provided for nationwide service of process. 651 F.2d at 256. *Jim Walter Corp.*, however, arguably is inconsistent with the Supreme Court's more recent ruling in *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). *See Cannon v. Gardner–Martin Asphalt Corp. Retirement Trust Profit Sharing Plan*, 699 F.Supp. 265, 267

(M.D.Fla.1988) (*"Jim Walter* is of dubious precedential value."） Although the Eleventh Circuit has not resolved the alleged inconsistency, the circuit court has acknowledged that "there is a lack of consensus among the courts as to whether a due process analysis is necessary where the defendant is a domestic corporation served via nationwide service of process." *In re Chase and Sanborn Corp.*, 835 F.2d 1341, 1344–45 n. 8 (11th Cir.1988), *rev'd on other grounds sub. nom. Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33. 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Nevertheless, since the Secretary did not argue that she could not have used the nationwide service of process provision to obtain venue over the other Defendants because it requires more than minimum contacts with the United States, the Court need not resolve this issue.

though SCNB filed its action first, the "first to file" rule should not be applied mechanically. *See Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *Church of Scientology of California v. United States Dept. of the Army*, 611 F.2d 738 (9th Cir.1980). The rule, which provides that "where two courts have concurrent jurisdiction over substantially similar actions, the first court in which jurisdiction attaches has priority to consider the case," *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir.1985), is designed to conserve judicial resources by avoiding duplicate and piecemeal litigation and inconsistent results. *Church of Scientology of California*, at 749. One of the circumstances in which courts have refused to apply the first-to-file rule is in the situation where priority was obtained by filing a declaratory judgment in anticipation of litigation. *See Ven–Fuel, Inc. v. Dept. of Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985). In *Ven–Fuel* the Eleventh Circuit stated that a district court may, in its discretion, decline to consider a declaratory judgment action on its merits when a proceeding pending in another court will fully resolve the controversy between the parties. One factor a court *may* consider in making its decision is whether the declaratory judgment action was filed in anticipation of litigation. 673 F.2d at 1195. The Court believes the first-to-file rule is appropriately applied in the instant action for three reasons. First, *Ven–Fuel, Inc.* did not involve a prior court-approved class action settlement agreement such as the one in the *Knop* litigation. Complaints relating to a class-wide settlement decree should be raised before the court that granted the decree. *Martini v. Republic Steel Corp.*, 532 F.2d 1079, 1081 (6th), *cert. denied*, 429 U.S. 927, 97 S.Ct. 331, 50

L.Ed.2d 296 (1976). Additionally, a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases before it. *E.g. Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir.1975), *cert. denied*, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976). The Alabama court clearly considers the Secretary's action to be related to and a challenge to the settlement agreement as evidenced by Judge Lynne's statement that the Secretary's demands threaten to "grossly interfere with the settlement which [was] approved [in Knop]." SCNB's Exhibit K at 21. Although the Secretary contends she does not seek to undo the settlement agreement, the Alabama court is in a better position to assess the impact of the Secretary's demands on the settlement than is this Court.

Second, the Alabama court, not this Court, is the court with the discretion to consider whether it will entertain the declaratory judgment action on its merits. The Secretary desires this Court to act as an appellate court on the Alabama court's decision to consider SCNB's declaratory judgment action, which this Court declines to do[9]. Finally, although a plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the transferee district. *Berger*, at 1457. In the instant action, the Secretary's choice of forum is outweighed by the related proceedings and the Northern District of Alabama is no more inconvenient for the Secretary than the Middle District of Georgia. Therefore, the Court chooses to apply the first-to-file rule in the instant action because it would be a monumental waste of judicial resources for this Court to consider the same issues that are pending in the Alabama court and inconsistent judgments might result from its retention of this case.

---

9. The Alabama court has also rejected the Secretary's argument that SCNB's declaratory judgment action is improper under *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524–25 (11th Cir. 1987). *Gulf Life*, however, is factually distinguishable from the instant action because the

fiduciary who filed the declaratory judgment action to determine its liability to a plan participant was not subject to a settlement agreement at the time its action was filed like SCNB was when it filed its declaratory judgment action.

## CONCLUSION

Accordingly, for the reasons stated above, Defendants' motions for a § 1404 transfer are GRANTED.

SO ORDERED.