George **CHRISTOFORU** and Polygon Co., Ltd., on its own behalf and on behalf of its managing director, George Christoforu, and its officers, directors, and employees, Plaintiffs,

v.

**UNITED STATES** of America, et al., Defendants.

No. 93–0909–CIV.

United States District Court, S.D. Florida, Miami Division.

Jan. 28, 1994.

Hugh J. Turner, Jr., English, McCaughan and O'Bryan, Ft. Lauderdale, FL, formerly of Kelly, Drye and Warren, P.A., Miami, FL, J. David Bogenschutz, Bogenschutz & Dutko, P.A., Fort Lauderdale, FL, for plaintiffs.

Patricia M. Russotto, and Sandra M. Schraibman, Dept. of Justice, Civ. Div., Washington, DC, Arnold G. Aikens, Asst. U.S. Atty., Miami, FL, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (docket entry 46), filed December 3, 1993.

THE COURT has considered the Motion, responses and the pertinent portions of the record. The Court **GRANTS** the Motion to Dismiss the Amended Complaint and **DENIES** as moot all other pending motions.

### I. BACKGROUND

Plaintiff, George Christoforu, is the managing director of Co–Plaintiff Polygon Co., Ltd ("Polygon"), a Cypriot international trading corporation. Christoforu and his business Associate, Hossein Alikhani, were indicted on November 19, 1992 in the Southern District of Florida for illegally conspiring to export oil field equipment and other goods, services and technology through third country intermediaries to Libya. They were also indicted for conspiring to transfer and attempting to transfer money to the United States with the intent of promoting unlawful activity.

In October 1992, undercover United States Customs agents invited Alikhani, an Iranian national and resident of Cyprus, to the Bahamas. Once in the Bahamas, Alikhani board-ed a private airplane with the agents. Shortly after takeoff, the agents arrested Alikhani and brought him to the United States where he and Christoforu, who remained out of the United States, were indicted for violating the trade embargo against Libya. Hossein Alikhani pled guilty to the charges and was sentenced to time served. A warrant for Christoforu's arrest remains outstanding. Neither Polygon nor any other officers, directors or employees have been indicted.

While refusing to submit to the jurisdiction of this court to face the criminal charges, Christoforu and Polygon attempt to invoke this Court's *equitable* jurisdiction by filing the instant civil suit for declaratory and injunctive relief against the United States, various officials of the United States government, and International Trading Resources, Inc. Plaintiffs want this Court to declare: (1) the International Emergency Economic Powers Act, Presidential Order 12543, and the Libyan Sanctions Regulations do not apply to them, and if they do apply to the Plaintiffs, they are unconstitutionally vague and unconstitutional as applied; (2) the Plaintiffs' payment of money for goods being re-exported to Libya does not violate the money laundering statute, even if the Plaintiffs promote the violation of the Libyan Sanctions Regulations; and (3) existing laws, procedures and due process prevent the United States Customs Service from apprehending Christoforu or any other officers, directors or employees of Polygon for violations of United States crimes. The Plaintiffs also want the Court to enjoin the government from enforcing the Libyan Sanctions Regulations as they relate to Plaintiffs and to enjoin the government from arresting or "kidnapping" Christoforu or any other officers directors or employees of Polygon.

### II. DISCUSSION

*A. Polygon lacks standing to bring the instant suit.*

█ At a hearing before this Court, Polygon claimed that Paragraphs 13 and 20 of the complaint allege sufficient facts to establish its standing to bring the instant complaint. These paragraphs, the complaint and amend-

ed complaint merely allege, in general terms, the type of business which Polygon conducts. The paragraphs also attempt to "bootstrap" Polygon's claims by adopting as its own, the alleged injury to Alikhani and Christoforu. Polygon does not allege that any "officers, directors, or employees" other than Alikhani and Christoforu participated in the disputed activities or are at risk of being prosecuted.

For Polygon to establish third-party standing on behalf of Christoforu and Alikhani it must show that the individuals would be able to demand the relief Polygon seeks. As discussed below, Christoforu cannot obtain the relief sought in the instant complaint. Further, Polygon tries to adopt injuries allegedly suffered by Alikhani when he was arrested and prosecuted. However, Polygon glosses over the fact that Alikhani pled guilty to the charges.

■ In *City of Los Angeles v. Lyons,* the Supreme Court reiterated that to present an actual case or controversy as required by Article III of the Constitution, a plaintiff must demonstrate a "personal stake in the outcome." 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (*quoting Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). "Abstract injury is not enough. The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or the threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* Polygon has made no such showing in the instant case.

■ The *Lyons* Court also held that "case-or-controversy considerations obviously shade into those determining whether the complaint states a sound basis for equitable relief." *Lyons,* 461 U.S. at 103, 103 S.Ct. at 1666. Equitable relief should only be granted if a plaintiff has no adequate remedy at law and will suffer immediate irreparable injury if the relief is not granted. *Id.* Polygon has not alleged sufficient facts to demonstrate that it lacks an adequate remedy at law or that it will suffer immediate irrepara-

ble injury if the equitable relief is not granted.

■ With respect to Polygon's claim for declaratory relief, the Court additionally would exercise its discretion to deny that request. The holding of the Eleventh Circuit in *Ven–Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194 (11 Cir.1982) applies to the instant case. The *Ven–Fuel* court upheld the denial of declaratory relief to a plaintiff who filed a civil action in anticipation of the government bringing imminent judicial proceedings in federal court. The court held:

> In its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties. One equitable consideration in such decision is whether the declaratory judgment action was filed in apparent anticipation of the other pending proceeding.

*Id.* at 1195. Polygon and Christoforu bring the instant suit *after* the government already began another judicial preceding that would determine all claims Polygon might be able to bring.[1] It appears as if Polygon and Christoforu, having nothing to lose while ignoring the pending criminal proceeding, seek to "roll the dice" by filing the instant case. If they prevail here, the pending criminal action disappears; if they lose, they stand in no worse a position than they do now. The equitable maxim that "he who comes into equity must come with clean hands" is especially applicable to these plaintiffs.

*B.*  *The Court will not grant equitable relief when preemptive civil suit is filed for the purpose of terminating a pending criminal action.*

■ Plaintiffs claim that Christoforu's indictment places him in a difficult spot. Plaintiffs filed the instant suit for equitable relief because "[i]t was obvious that, unless Mr. Christoforu was inclined to take leave of his senses and travel to the United States

---

1.  The only issue Polygon raises that might not be resolved by the parallel preceding is the issue of the legality of an arrest abroad conducted with-

out permission of the second country. This, however, is the claim for which Polygon's case-or-controversy argument is the weakest.

and surrender himself into the custody of the United States, simply to find out if these laws, in fact, applied to him, there was no way to remove the cloud placed over his head by the government without filing a declaratory judgment action." Response Memorandum at 2.

Christoforu's voluntary surrender would not be a "senseless action." It is the fastest and most reasonable way to resolve any uncertainty he and Polygon may have with respect to the legality of his activities. If Christoforu answers to the indictment and files a motion to dismiss the indictment pursuant to Fed.R.Crim.P. 12(b), both he and Polygon would quickly resolve this matter. *See Deaver v. Seymour,* 822 F.2d 66 (D.C.Cir.1987).

■ The *Deaver* court held that "the existence of 12(b)(1) suggests that appellant's constitutional challenge is not to be raised in a preindictment civil injunction action. This implication is strengthened by the traditional reluctance, which we have discussed, of an equity court to interfere with criminal proceedings." *Deaver,* 822 F.2d at 70. If this is true regarding "preindictment civil injunction actions," it is unquestionably the case once a person has been indicted. The *Deaver* court concluded: "Prospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure." *Id.* at 71.

The Court is bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The *Younger* Court elaborated further on this principle:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 44–46, 91 S.Ct. at 751. The Court emphasized the importance of avoiding duplicative legal proceedings. *See id.* at 42–44, 91 S.Ct. at 750. Thus, in accordance with the holdings in *Younger* and *Deaver,* this Court finds any equitable relief, injunctive or declaratory, to be inappropriate.

Christoforu argues that the instant case is controlled by *Juluke v. Hodel,* 811 F.2d 1553 (D.C.Cir.1987), rather than by *Deaver. Juluke* held that the *Younger* doctrine *does not require* federal courts to abstain or defer from granting injunctive relief pending resolution of parallel federal criminal actions implicating the First Amendment.[2] The *Deaver* court noted that *Juluke* is limited to cases in which a plaintiff asserts First Amendment rights and seeks to protect future actions from prosecution.

The instant case does not involve First Amendment rights. Plaintiffs claim that they seek declaratory relief regarding their future acts. However, the future acts are indistinguishable from Christoforu's past acts which are the subject of the indictment. The declaratory judgment for future acts, like the declaration for past acts will be unnecessary if Christoforu appears in the criminal action. Thus this court exercises its discretion and refuses to grant declaratory relief regarding future activities.

Accordingly, the Court finds (1) Plaintiff, Polygon lacks standing to bring the instant suit; (2) Plaintiff Christoforu's request for equitable relief is inappropriate in view of the *Younger* Doctrine and the *Deaver* opinion. Finally, in accordance with traditional principles of equity jurisprudence, the Court finds that the Plaintiffs would not, in any event, be entitled to the equitable relief sought.

DONE AND ORDERED.

---

**2.** *Juluke* recognized that a federal court sitting in equity *could* deny equitable relief if such a denial serves judicial economy or if the plaintiff has an adequate remedy at law. 811 F.2d at 1557. Both of these conditions are present in the instant case.