**SOUTHERN APPALACHIAN
BIODIVERSITY PROJECT,
Plaintiff,**

v.

**U.S. FOREST SERVICE a Federal Agency and Elizabeth Estill, Regional Forester for the Southern Region, in her official capacity, Defendants.**

No. CIV.A.1:00CV2041WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 22, 2001.

Donald D.J. Stack, Jonathan Lee Schwartz, Stack & Associates, Atlanta, Martin J. Bergoffen, phv, Southern Appalachian, Biodiversity Project, Asheville, NC, for Southern Appalachian Biodiversity Project, plaintiffs.

Robert David Powell, Office of United States Attorney, Northern District of Georgia, Atlanta, Jay McWhirter, nam-US-Atty, Department of Agriculture, Office of the General Counsel, Atlanta, for U.S. Forestry Service, a Federal Agency, and, Elizabeth Estill, Regional Forester for the Southern Region, in her official capacity, defendants.

## *ORDER*

HUNT, District Judge.

Before the Court is Plaintiff's Motion for a Temporary Restraining Order [11–1] and Preliminary Injunction [11–2]. There are additional motions pending before the Court, including Defendants' Motion to Transfer Venue [4].[1] Plaintiff is a non-profit environmental organization who brings suit against the U.S. Forest Service and Elizabeth Estill, in her capacity as Regional Forester for the Southern Region. Plaintiff challenges four proposed timber sales approved by the defendants. The case is properly before the Court pursuant to the Administrative Procedure Act, 5 U.S.C. § 701–06, and contends that the defendants failed to comply with the requirements of the National Environmental Policy Act, (NEPA), 42 U.S.C. § 4321 *et seq.* Plaintiff alleges that in preparing the environmental documents for these four timber sales, the defendants failed to consider a reasonable range of alternatives as required by the NEPA. One proposed project involves the sale of timber located on the Pisgah National Forest in North Carolina. One proposed project involves the sale of timber located on the George Washington National Forest in Virginia. The other two proposed projects involve the sale of timber located on the Jefferson National Forest in Virginia. Forest Service officials located in the respective national forests approved the sale of this timber. When challenged, the Regional Forester for the Southern Region, Elizabeth Estill, affirmed the decisions to sell the timber. This appeal process and final decision took place in the Northern District of Georgia.

One of the sales, the Cuba timber sale, is scheduled to commence logging activities on Monday, June 25, 2001. The Cuba project is located in Virginia on the Jefferson National Forest. Plaintiff seeks a temporary restraining order with respect to this particular project. Additionally, plaintiff seeks a preliminary injunction

---

1. These include plaintiff's motion for summary judgment [7], and defendants' motion to stay the proceedings until the Court resolves the motion to change venue and to strike plaintiff's motion for summary judgment [9].

with respect to each of the four timber sales which are the subject of this action.

Having considered the pleadings and briefs filed by the parties, and evaluated the legal issues concerning these motions, the Court hereby makes the following determinations:

1) *Assignment of This Case*

Due to the Court's involvement in an ongoing and lengthy criminal trial, the Court ORDERS that as of Monday, June 25, 2001, this case shall be re-assigned to the Honorable Marvin H. Shoob.

2) *Motion for Temporary Restraining Order* [11–1].

█ Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court finds that the commencement of logging in the Cuba timber sale on Monday, June 25, 2001 will immediately and irreparably harm the plaintiff in this case. · Executing this project will involve cutting down 130 acres of forest that is over 60 years old and building .3 miles of new road. Therefore, plaintiff's motion for a temporary restraining order with respect to the Cuba timber sale [11–1] is GRANTED. This Order shall remain in effect for 10 days from the date of this Order, or until such time as Judge Shoob schedules a hearing to address the motion for preliminary injunction. At this point, recognizing that plaintiff is a non-profit organization, the Court does not require plaintiff to post a security bond in connection with the temporary restraining order.

3) *Motion to Transfer Venue* [4]

█ Defendants filed a motion to transfer venue in this case, which plaintiff opposes. In considering a motion to transfer venue pursuant to § 1404(a), the burden is on the moving party to establish the propriety of the transfer. *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir.1989); *Martin v. South Carolina Bank*, 811 F.Supp. 679 (M.D.Ga.1992). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996); *In re Ricoh Corp.*, 870 F.2d at 572. Section 1404 requires the court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Bell v. K–Mart Corp.*, 848 F.Supp. 996, 998 (N.D.Ga.1994). Transfer should be denied if it simply shifts inconvenience from one party to another.

█ The Court agrees with the plaintiff that the Northern District of Georgia is the only venue in which the entire case can be resolved. In order to properly transfer venue under 1404(a), the Court would be forced to sever the case and send part of it to North Carolina and part to Virginia. As to all four timber projects at issue in this case, the plaintiff contends that the defendants failed to consider a reasonable range of alternatives as required by the NEPA when preparing the environmental documents. Efficiency alone suggests that this issue should be resolved by one court as opposed to two, and the plaintiff should not be forced to unnecessarily litigate this case in two different courts. Additionally, given that the final decision approving these four timber sales took place in the Northern District of Georgia, and the plaintiff chose to litigate in this forum, the balance of convenience analysis suggests that this case should remain in the Northern District of Georgia. Therefore, having considered the legal arguments set forth in the parties briefs, defendants' motion to transfer venue [4] is DENIED.

## CONCLUSION

For the reasons set forth herein, plaintiff's motion for a temporary restraining order [11–1] is GRANTED, defendants' motion to transfer venue [4] is DENIED, and this case shall be re-assigned to the Honorable Marvin H. Shoob.