[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14643
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:00-md-01334-FAM; 1:11-cv-22609-FAM

DR. HOOMAN MELAMED,
HOOMAN M. MELAMED, M.D., INC.,

Plaintiffs - Appellants,

versus

BLUE CROSS OF CALIFORNIA,
BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 1, 2012)

Before CARNES, MARCUS, and BLACK, Circuit Judges.

PER CURIAM:

Dr. Hooman Melamed and Hooman M. Melamend, M.D., Inc. (collectively Melamed) filed a declaratory judgment action in the United States District Court for the Southern District of Florida. Melamed sought a declaration that the claims he has asserted in Melamed v. Blue Cross of California, Inc., No. 11-cv-04540-PSG (C.D. Cal.) [hereinafter The California Case], were not released under the 2005 settlement agreement in In re Managed Care Litigation, No. 1:00-md-01334-FAM (S.D. Fla) [hereinafter MDL 1334]. The district court granted a motion to dismiss to Blue Cross of California and Blue Cross Life and Health Insurance Co. (collectively WellPoint) reasoning that it had already concluded in MDL 1334 that the claims in The California Case were released. Melamed appeals, contending that the claims in The California Case were not released as part of the MDL 1334 settlement agreement because: (1) they had accrued after the effective date of settlement; (2) barring the claims would violate California public policy; and (3) Melamed was not a member of the class bound by the settlement agreement.

I.

In 2000 a class action lawsuit was filed against several managed care companies, including WellPoint, which became MDL 1334. WellPoint settled with the plaintiff class in 2005, and the plaintiff class agreed to release certain claims against WellPoint. The district court for the Southern District of Florida

2

issued a Final Approval Order in December 2005, approving the settlement and permanently enjoining the class plaintiffs from filing any other lawsuit against WellPoint "based on any or all Released Claims." The district court retained jurisdiction to enforce its injunction. The last appeal of that order was dismissed on September 27, 2006, and the settlement agreement took effect the next day.

In 2011 Melamed filed The California Case in California state court asserting claims substantively similar to those litigated in MDL 1334, and Wellpoint removed the case in California. Wellpoint then filed a motion in the Southern District of Florida asking that court to enforce against Melamed the permanent injunction issued in MDL 1334. Melamed filed a brief in opposition to that motion. About four weeks later, after briefing on Wellpoint's motion to enforce the permanent injunction was complete but before the district court had ruled on it, Melamed filed this declaratory judgment action in the Southern District of Florida seeking a declaration that the claims asserted in The California Case were not released by the MDL 1334 settlement agreement. Wellpoint filed a motion to dismiss.

After a hearing on Wellpoint's motion to enforce the permanent injunction in the MDL 1334 settlement, the district court held that Melamed's claims in The California Case were "Released Claims" under the MDL 1334 settlement

3

agreement. The court ordered Melamed to withdraw those claims, which were pending in federal district court in California, within twenty days.[1] Later that same day, the district court granted Wellpoint's motion to dismiss in this declaratory judgment action explaining that it had already determined in its order enforcing the MDL 1334 settlement agreement that the claims in The California Case are "Released Claims." This is Melamed's appeal.

## II.

We review only for abuse of discretion a district court's dismissal of a declaratory judgment action. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005). "[T]he range of considerations available to the district court in deciding whether to entertain the declaratory action is vast and the deference afforded to its decision is substantial." Manuel v. Convergys Corp., 430 F.3d 1132, 1137–38 (11th Cir. 2005).

We have held that, "[i]n its discretion, a district court may decline to entertain a declaratory judgment action on the merits when [another] proceeding . . . will fully resolve the controversy between the parties." Ven-Fuel, Inc. v. Dep't of Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982). Similarly, the district court's

---

[1] Melamed did not withdraw those claims but instead continued to litigate them. The district court in California dismissed Melamed's claims with prejudice under the "two dismissal rule" of Fed. R. Civ. P. 41(a)(1)(B). Melamed's appeal of that dismissal is currently pending before the Ninth Circuit.

reason not to entertain this declaratory judgment action—it involved the same issues as WellPoint's motion to enforce the <u>MDL 1334</u> settlement—was well within the "range of considerations available" to it when deciding whether to entertain a declaratory action. We see no abuse of discretion.

**AFFIRMED.**