**ANGORA ENTERPRISES, INC., and Joseph Kosow, Plaintiffs-Appellants,**

**v.**

**CONDOMINIUM ASSOCIATION OF LAKESIDE VILLAGE, INC., Defendant-Appellee.**

**No. 85–5525.**

United States Court of Appeals, Eleventh Circuit.

Aug. 11, 1986.

Ft. Lauderdale, Fla., for plaintiffs-appellants.

Mark B. Schorr, Ft. Lauderdale, Fla., for defendant-appellee.

Before FAY, CLARK and NIES *, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's dismissal of an action for a declaratory judgment brought by Angora Enterprises and Joseph Kosow against Condominium Association of Lakeside Village, Inc. We vacate and remand.

## BACKGROUND

The origins of this case lie in a state court suit filed by the Condominium Association against the condominium's developer, Joseph Kosow and, later, his assignee, Angora Enterprises. That suit was an attack on a condominium recreation lease which provided for periodic escalation of the rent based on a cost of living index. The lease also contained a clause which agreed to incorporate the Florida Condominium Act "as amended from time to time." The Condominium Association contends that this language, combined with the 1977 enactment of an amendment to the Florida Condominium Act which prohibited inclusion or enforcement of escalation clauses in recreation leases, meant that the 1977 anti-escalation clause statute was adopted by the lease and thus prohibited enforcement of the lease's cost-of-living clause. Before the state case moved beyond the initial pleading stage, certain questions were certified to the Florida Supreme Court, which held that the parties to the lease intended to be bound by future amendments to the Florida Condominium Act, including the amendment which declares escalation clauses in recreation or land leases void and unenforceable.

Linda Raspolich Pratt, Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, Fla., and Bruce Rogow,

* Honorable Helen W. Nies, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

After this ruling from the Florida Supreme Court,[1] and prior to filing its answer in the state court case, the developer and his assignee sought a declaratory judgment in federal court that the lease's incorporation of Florida law "as the same may be amended from time to time" did not constitute a knowing and voluntary waiver of their federal constitutional rights as guaranteed by article I, section 10's prohibition against impairment of contracts.

It is the position of the developer and his assignee that their federal complaint for declaratory relief is properly brought on the following constitutional claim:

"Whether the inclusion of the 'incorporation clause' in the subject agreement constituted a relinquishment or waiver of the federal plaintiffs' Article I, § 10, Constitutional guarantee against legislative impairment of the obligation of contracts."

Record at 289.

The Condominium Association, and the individual unit owners, oppose treatment of this issue on its merits by the federal court, asserting that the issue presented is one that has already been raised and determined by the Florida appellate courts, that is:

"Whether the developer drafted and unilaterally executed the declaration of condominium and agreed therein to be bound by future changes in the Florida Condominium Act."

*Id.* They maintain that the Florida Supreme Court's ruling on this issue establishes that the developer thereby expressly agreed to waive his constitutional protec-

tion against future amendments to the Florida Condominium Act which, absent such an agreement, might arguably impair a party's contract obligation. They then argue that the Florida Supreme Court's decision must be considered the law of the case in the state litigation and controlling on all future proceedings between the parties in the Florida courts. They further argue that defensive collateral estoppel bars the federal plaintiff from relitigating in the federal court an issue identical to that involved in prior state litigation.

■ The developer counters by arguing that the Florida Supreme Court's review was limited to motions to dismiss and orders thereon and that motions to dismiss, under Florida law, are confined in scope to an attack on the pleadings. The constitutional issue which they seek to present here is an affirmative defense which could neither be included nor addressed at the procedural point at which the state litigation stood when the Florida Supreme Court issued its opinion.[2]

The district court held as follows:

This Court must agree with the federal plaintiff that the Florida appellate courts dealt with a contractual issue, and not with the constitutional issue here presented. Therefore, this court is not collaterally estopped from treating the issue. However, this does not mean that this court is persuaded that it should now deal with the issue on its merits.

. . . .

In the instant case, by asking this Court to resolve the constitutional issue

1. *Angora Enterprises, Inc. v. Cole,* 439 So.2d 832 (Fla.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 183 (1984).

2. We have not overlooked the jurisdictional issue lurking in this case. Although the defendant did not raise the issue, we note that our court has held that we lack jurisdiction in a declaratory judgment case where the plaintiff sought adjudication with respect to an affirmative defense. In, *First Federal Savings and Loan Association of Lake Worth v. Brown,* 707 F.2d 1217 (11th Cir.1983), we stated that:

A case does not present a federal question of the sort necessary to confer subject matter

jurisdiction pursuant to these statutes where it merely anticipates a federal question defense which the defendant might raise; nor does a case present such a federal question where it anticipates a federal question response to a non-federal defense which the defendants might raise.

*Id.* at 1220 (citations omitted). Because the waiver of a federal constitutional issue is raised on the face of plaintiff's complaint, we have determined that we have jurisdiction. *See Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963).

they have framed, the federal plaintiffs are, in reality, asking this Court to declare whether or not they have a viable affirmative defense to present in the state court litigation currently pending; an affirmative defense, this Court notes, which they chose not to assert in the answer they filed after the issuance of the Florida Supreme Court's mandate and after the filing of this federal action. Moreover, even if it were to be asserted, it will only be considered by the state trial court if and when the condominium association and unit owners, as plaintiffs in that litigation, prove their claims against the developer and its lessee. These considerations, viewed in light of the foregoing, convince this court that there is no true "case or controversy" presented to satisfy the prerequisite to the exercise of this court's delaratory [sic] judgment power. In such posture, the Court must decline addressing the merits of the claim.

Record at 290–92.

## DISCUSSION

■ The district court quite properly observed that "by asking this Court to resolve the constitutional issue they have framed, the federal plaintiffs are, in reality, asking this Court to declare whether or not they have a viable affirmative defense to present in the state court litigation currently pending." *Id.* at 291. It erred, however, in its opinion that the declaratory judgment complaint presented no cognizable case or controversy. An anticipated defense in the pending state action may under certain circumstances provide a case or controversy. As the leading commentators in the field have written:

There is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability already have occurred. The court is then merely asked, as in any litigation, to determine the legal consequences of past events and it is immaterial that it may be the one allegedly liable, rather than the person to whom [he or she] would be liable, who asks for the judicial determination. The problem is when a declaration is sought on the legal consequences of some act that may or may not occur.

10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d,* § 2757 at 585–86 (1983) (footnote omitted).[3]

■ Despite the flaw in its jurisdictional analysis, the district court could properly have refused to address the merits of the claim by resort to its inherent discretion to decline to entertain a declaratory action. This method is clearly supported by precedent in this circuit:

Of course, whether to grant declaratory relief is a matter for the court's sound discretion. *See* 28 U.S.C. § 2201. In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors, *such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated.*

*Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir. Unit A 1981) (citations omitted) (emphasis added).

Although Fed.R.Civ.P. 57 specifically provides that the existence of "another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate," a court, "in the exercise

---

**3.** The writers of the treatise refer us to no cases in support of the clause "it is immaterial that it may be one allegedly liable ... who asks for the judicial determination."

However, we find that *Shareholders Management v. Gregory,* 449 F.2d 326 (9th Cir.1971), holds that a defendant in a state court action may file a declaratory action in federal court to determine the validity of the National Association of Securities Dealers regulations as a defense but that the case may be stayed in federal court pending outcome of state court action. *See Aetna State Bank v. Altheimer,* 430 F.2d 750 (7th Cir.1970).

of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective." 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d,* § 2758 at 621–23 (footnotes omitted). This is also true if there is a pending action in which some of the questions posed by the declaratory action have or may be raised. As Professors Wright, Miller and Kane have summarized:

> Unnecessary interference with state court litigation should be avoided. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.

*Id.* at 630–32 (footnotes omitted). *See also Brillhart v. Excess Insurance Company of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942); *Shell Oil Company v. Frusetta,* 290 F.2d 689, 692 (9th Cir.1961); *Dresser Industries, Inc. v. Insurance Company of North America,* 358 F.Supp. 327 (N.D.Tex.1973), *aff'd without opinion,* 475 F.2d 1402 (5th Cir.1973).

The principal Supreme Court decision discussing the authority of a district court to dismiss an action that is concurrent to one pending in state court is *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Court discussed various considerations facing a district court when deciding whether to dismiss on abstention grounds. Holding that the abstention doctrine itself was inapplicable in the particular case before it, the Court nevertheless upheld the district court's dismissal. The Court held that:

> [T]here are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of

"[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." ... Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." ... As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.... This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.... Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

> It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.... This has been true even where the Government was a claimant in existing state proceedings and then sought to invoke district-court jurisdiction under the jurisdictional provision antecedent to 28 U.S.C. § 1345.... In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum, ... the desirability of avoiding piecemeal litigation, ... and the order in which jurisdiction was obtained by the concurrent forums,.... No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdic-

tion and the combination of factors counselling against that exercise is required.... Only the clearest of justifications will warrant dismissal.

*Id.* at 817–19, 96 S.Ct. at 1246–47 (citations omitted).

The Supreme Court then sustained the district court's dismissal of the federal court action after weighing various factors in that particular case.

The facts in the present case would appear to support a district court's dismissal of the complaint because of the pendency of the state court action. At oral argument we asked whether the appellant developer had filed the affirmative defense with respect to the constitutional question at issue here. We are now advised by an agreed motion to supplement the record that the developer did file such a defense and that the state court has struck the defense.

■ Since a determination of whether to exercise discretionary jurisdiction is primarily a function of the district court, we vacate and remand for an appropriate determination by the district court.

VACATED and REMANDED.