**UNIVERSAL UNDERWRITERS SERVICE CORPORATION, Plaintiff,**

v.

**Larry MELSON, Defendant.**

**Civil Action No. 96–T–1309–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 24, 1996.

---

Samuel H. Franklin, Madeline H. Haikala, James R. Sturdivant, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for Universal Underwriters Service Corporation.

Andy D. Birchfield, Jr., Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, for Larry Melson.

## MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

Relying on the Declaratory Judgment Act of 1984, 28 U.S.C.A. § 2201(a), plaintiff Universal Underwriters Service Corporation seeks a declaration that it is not liable in fraud, negligence, or wantonness under state law, in the sale of a "vehicle service contract" to defendant Larry Melson. Universal Underwriters has invoked the court's diversity-of-citizenship jurisdiction. 28 U.S.C.A. § 1332. Universal Underwriters is a citizen of Missouri and Kansas, and Melson is a citizen of Alabama. Now before the court is a motion to dismiss filed by Melson. For reasons that follow, the court will grant the motion and dismiss this lawsuit, albeit without prejudice.

### I.

The events leading up to this litigation and the pending motion may be summarized as follows:

● In November 1994, in Barbour County, Alabama, Melson purchased a vehicle from Davis Chevrolet–Olds–Geo. General Motors Acceptance Corporation, also known as GMAC, financed the transaction, MIC Life Insurance Credit Corporation sold the credit insurance on the loan, and Universal Underwriters wrote the auto service contract. According to Melson, Greg Freeman acted as an agent for GMAC, MIC Life and Universal Underwriters.

● Melson contends that Freeman fraudulently stated to him that he was required to obtain credit insurance in order to receive the loan, and fraudulently told him that Universal Underwriters's vehicle service contract was required in order to obtain the loan. Melson further claims that Freeman fraudulently failed to disclose to him that he was paying a hidden finance charge that was split between GMAC and Davis Chevrolet–Olds–Geo. Melson further claims that GMAC, MIC Life, and Universal Underwriters negligently and wantonly hired, trained, and supervised Freeman.

● On August 21, 1996, Universal Underwriters filed this federal lawsuit against Melson, seeking a declaration "that the employee(s) of Davis Chevrolet who negotiated the sale of the vehicle service contract were not agent(s) of [Universal Underwriters] for the purposes of the sale," and "that the actions of [Universal Underwriters] with respect to [Melson] were legitimate." Universal Underwriters filed this lawsuit shortly after Melson gave a deposition, on July 24, 1996, in another lawsuit making allegations similar to his against Universal Underwriters.

● On September 16, 1996, Melson filed his own lawsuit in state court, charging fraud, negligence, and wantonness under state law and seeking both compensatory and punitive damages. In his lawsuit, Melson named not only Universal Underwriters, but GMAC, MIC Life, and Freeman as defendants.

### II.

Over 50 years ago, in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court addressed circumstances almost identical to those presented to this court. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The district court dismissed the lawsuit in favor of a pending state proceeding, to which the insurer had been added as a defendant. The appellate court reversed, holding that the trial court had abused its discretion, and ordered the trial court to proceed to the merits. The Su-

preme Court reversed the appellate court and held that, "Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction." *Brillhart,* 316 U.S. at 494, 62 S.Ct. at 1175. The Court explained that "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law between the same parties." *Id.* at 495, 62 S.Ct. at 1175–76. The Supreme Court explained that the question for a federal court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.*

Last year, in *Wilton v. Seven Falls, Co.,* — U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Supreme Court reaffirmed *Brillhart*'s holding. The Court rejected the suggestion that intervening decisions, *see Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), and *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), had in any way undermined *Brillhart*'s holdings. The *Wilton* Court stated that district courts still "have substantial latitude in deciding whether to stay or to dismiss a declaratory suit in light of pending state proceedings." —— U.S. at ——, 115 S.Ct. at 2142. *See also United States Fidelity and Guaranty Company v. Algernon–Blair, Inc.,* 705 F.Supp. 1507 (M.D.Ala.1988) (holding that *Brillhart* was still controlling after *Colorado River, Calvert Fire Ins.,* and *Moses H. Cone* ).

In applying *Brillhart,* the Eleventh Circuit has held that, of the many factors that may legitimately enter into a district court's decision whether to hear a prayer for declaratory relief, the existence of an ongoing state proceeding involving the same issues as the declaratory judgment action is the most potent. *Angora Enterprises, Inc. v. Condo-minium Association of Lakeside Village, Inc.,* 796 F.2d 384, 387–88 (11th Cir.1986) (per curiam); *Michigan Tech Fund v. Century National Bank of Broward,* 680 F.2d 736, 742 (11th Cir.1982); *Ven–Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982); *see also* 6A J. Moore, Moore's Federal Practice ¶ 57.08[3] at 57–44 (1984). "Exercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures of legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." *Algernon–Blair,* 705 F.Supp. at 1514.

█ Of course, Melson's ongoing state court litigation could not serve as a per se bar to Universal Underwriters's declaratory judgment action. *See* Fed.R.Civ.P. 57 ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."); 6A J. Moore, Moore's Federal Practice ¶ 57.08[6.–1] at 57–54 (1984). In exercising its discretion in this situation, the district court must direct its attention to the adequacy of the state proceeding in resolving the disputes presented in the federal complaint. The Eleventh Circuit has stated that, "In its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will *fully* resolve the controversy between the parties." *Ven–Fuel, Inc.,* 673 F.2d at 1195 (emphasis added). And "[t]he district court has discretion to decline to entertain a diversity action seeking a declaratory judgment and raising issues of state law when those same issues are being presented contemporaneously to state courts and thus will necessarily be resolved by the state courts." *Michigan Tech Fund,* 680 F.2d at 742 (citations omitted).

The most recent Eleventh Circuit statement on the subject suggests that the relevant determinant is not whether the state court litigation involves the identical issues in form as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court.

"Although Fed.R.Civ.P. 57 specifically provides that the existence of 'another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate,' a court, 'in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if the alternative remedy is better or more effective.' 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d, § 2758 at 621–23 (footnotes omitted). This is also true if there is a pending action in which *some* of the questions posed by the declaratory action *have or may be raised.* As Professors Wright, Miller and Kane have summarized:

> 'Unnecessary interference with state court litigation should be avoided. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.' "

*Angora Enterprises,* 796 F.2d at 387–88 (citations omitted) (emphasis added). Whether the *Angora Enterprises* court intended to modify the guidelines on a district court's exercise of its discretion or not, it is evident that this court must now examine what information it has about the ongoing state proceeding.

█ It is apparent that the complaint filed by Melson in state court sets out numerous counts of fraud, negligence, and wantonness arising out of the purchase of an automobile service contract, credit insurance on a loan, and the financing of the purchase of an automobile. The lawsuit brought by Universal Underwriters in federal court raises essentially the same claim involving the purchase of an automobile service contract. Admittedly, the federal lawsuit focuses mainly on whether Freeman was an agent for Universal Underwriters. However, that issue would also have to be resolved in the state court proceeding, since Melson claims that Universal Underwriters is liable in that proceeding because Freeman was its agent. It is also questionable whether, having filed his own lawsuit against Universal Underwriters in state court, Melson could now bring those same claims in federal court as a counterclaim. *See* 1975 Ala.Code § 6–5–440 ("No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party."). Therefore, for this court to proceed with Universal Underwriters's claim against Melson, the court would have to engage in piecemeal or multiple litigation and in a waste of judicial resources.

If Universal Underwriters wants an early, up-front resolution of its nonliability and believes that the facts reflecting its nonliability are undisputed, it need only seek summary judgment in state court. On the other hand, if the facts regarding its nonliability are in dispute, it would be completely wasteful not to address these facts, along with all other relevant facts, in one forum before one factfinder, the state court. Moreover, if this court were to conclude that Freeman was Universal Underwriters's agent, Universal Underwriters and Melson would then have to return to state court to resolve the remaining issues—in particular, Melson's damages should he ultimately prevail against Universal Underwriters. In other words, there is no assurance that this court, unlike the state court, can conclusively resolve all issues between Melson and Universal Underwriters.

Universal Underwriters does not present a persuasive argument why this court should exercise its jurisdiction in favor of hearing the declaratory judgment action. This court is in no better position to afford Universal Underwriters the relief it seeks than does the state court in which litigation is now under way. Indeed, it appears that the state court can more *efficiently* and *fully* resolve the issues between Melson and Universal Underwriters. Moreover, Universal Underwriters has not suggested that it would suffer any prejudice in litigating its claim in state court nor does it appear that the declaratory action in this court would be significantly more convenient for the parties than the state-court litigation.

An appropriate judgment will be entered.

*JUDGMENT*

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the motion to dismiss filed by defendant Larry Melson on September 17, 1996, is granted and this cause is dismissed without prejudice; and

(2) That costs are taxed against plaintiff Universal Underwriters Service Corporation, for which execution may issue.