**LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff,**

v.

**The INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Defendant.**

. **No. 98–413–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

March 8, 1999.

Wayne T. Gill, Walton Lantaff Schroeder & Carson, West Palm Beach, FL, for plaintiff.

Luke S. Brown, Chartered Law Offices of James V. Dolan, Fort Lauderdale, FL, for defendant.

---

1. The Court enters this Amended Order in order to correct certain typographical errors

## AMENDED ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint, to Remand to State Court, or to Stay (DE # 8, filed May 15, 1998).[1] Plaintiff has filed a Response.

### I.  Background

In April 1990, Carey Brasecker, a film maker, was gored by a bull while filming a video production in Mexico. Brasecker had been hired by Avon Products, Inc. ("Avon") and LH Productions ("LH"). Brasecker subsequently filed an action in Florida state court in April 1994 against Avon and LH, asserting various state law negligence and breach of contract claims related to his injuries.

Lumbermens Mutual Casualty Company ("Lumbermens") filed the present action before this Court in February 1998, seeking declaratory relief under 28 U.S.C. § 2201. According to Lumbermens' Complaint, it issued an insurance policy to Avon for the period from January 1990 to January 1991. However, Lumbermens alleges that it is not responsible for Avon's defense under the policy because The Insurance Company of the State of Pennsylvania ("ICSP"), the Defendant in the present action, issued a primary insurance policy to Avon for the relevant period. Lumbermens therefore seeks to have the Court declare that: (1) its policy to Avon is excess over ICSP's policy and does not provide coverage for the first $500,000 in damages; and (2) it owes no duty of defense to Avon.

On May 15, 1998, three months after the filing of the present action, Avon filed a third-party complaint against Lumbermens in the state court action. In the third-party complaint, Avon claims that Lumbermens is required by the aforementioned Lumbermens insurance policy to defend and indemnify it in the state court

in the original Order entered on March 5, 1999.

action against Brasecker's first-party claims. Avon specifically seeks fees and costs incurred in defending the state court action, as well as indemnification for any liability to Brasecker.

Simultaneously, ICSP filed the Motion to Dismiss, to Remand, or to Stay in the present action.[2] ICSP argues that the present action should be dismissed, remanded, or stayed because it presents the same issues related to Lumbermens' insurance policy as does the third-party complaint in the state court action.

## II. Discussion

■ According to the long-standing doctrine first articulated by the Supreme Court in *Brillhart v. Excess Insurance Co. of America*,[3] "federal district courts enjoy considerable discretion to decline to hear declaratory judgment actions concerning matters already pending in state court."[4] As the Supreme Court observed in *Brillhart*:

Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court.... [I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and

comprehensive disposition of a state court litigation should be avoided.[5]

While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination,"[6] the standard is clearly generous.

In arguing against dismissal, Plaintiff Lumbermens assumes in its Response to the Motion to Dismiss that the Court should apply the very strict abstention standard articulated by the Supreme Court in *Colorado River Water Conservation District v. United States*.[7] Lumbermens refers repeatedly to the "heavy presumption in favor of the exercise of federal jurisdiction,"[8] apparently a reference to the "exceptional circumstances" stance towards abdication of federal jurisdiction embodied in the *Colorado River* doctrine.[9]

■ However, the Supreme Court has held that the jurisdictional presumptions of the *Colorado River* doctrine are clearly misplaced in the context of an action for declaratory judgment. In *Wilton v. Seven Falls Co.*,[10] the Supreme Court explicitly held that "[d]istinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River*,"[11] and noted that district courts should refer to *Brillhart* for the appropriate standard.[12]

2. Apparently, Avon in the state court action and ICSP in the present action are represented by the same counsel.

3. 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

4. *Eastman Kodak Co. v. Kavlin*, 978 F.Supp. 1078, 1089 (S.D.Fla.1997).

5. *Brillhart*, 316 U.S. at 494–95, 62 S.Ct. 1173.

6. *Angora v. Condominium Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986) (citing *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir.1981)).

7. 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

8. *See, e.g.*, Def.'s Resp. at 9.

9. *See Colorado River*, 424 U.S. at 814–15, 96 S.Ct. 1236.

10. 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

11. *Id.* at 286, 115 S.Ct. 2137.

12. *See id.* at 282–83, 115 S.Ct. 2137.

In laying out the guidelines for exercising the necessary discretion, the *Brillhart* opinion counseled district courts to:

> [I]nquir[e] into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.[13]

■ Applying these guidelines to the facts of this case, the Court finds that the third-party complaint filed in the state court action and the present action present the same issues. The essence of the present action for declaratory relief is Lumbermens' argument that its insurance policy is excess to the ICSP policy, and that Lumbermens has no duty to defend Avon.[14] This is the same defense, nearly word-for-word, asserted by Lumbermens to Avon's third-party claim in state court.[15] Adjudication of the third-party claim will therefore require the same arguments, including interpretation of the same provisions of the Lumbermens insurance policy,[16] and the same witnesses as the present action.

The Court is unpersuaded by Lumbermens' argument that it should retain jurisdiction because ICSP is not a party to the third-party claim in state court. While the cases cited by Lumbermens reflect the fact that parallel state and federal claims generally involve the same parties, it is entirely possible to address the same legal issues without representation by the same parties. Avon and ICSP are aligned in interest, and will have to advance the same arguments, as far as determining whether Lumbermens should indemnify Avon for its defense.[17] What is more important in the final analysis is that the district court look at whether the state and federal court proceedings involve "ventilation of the same state law issues."[18]

## III. Conclusion

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Complaint, to Remand to State Court, or to Stay (DE # 8, filed May 15, 1998) be, and the same is hereby, GRANTED. This action is STAYED until the state court proceedings have been fully adjudicated.[19] It is

FURTHER ORDERED AND ADJUDGED that the Clerk of the Court is DIRECTED to mark this case as CLOSED for statistical purposes. All pending motions not otherwise ruled on are DENIED AS MOOT. Plaintiff may move to reopen this case depending on the outcome of the state court proceedings.

---

13. *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173.

14. *See* Pl.'s Compl. at 7.

15. *See* Def's Resp. at 3 ("Lumbermens answered the third-party complaint and asserted in its Affirmative Defenses ... that its policy is excess over ICSP policy, and that as an excess insurer, it owes no coverage to Avon for a defense, and that it owes no coverage to Avon for indemnification after the first $500,-000 of any damages awarded.").

16. Indeed, both Lumbermens' Complaint before this Court and Avon's third-party claim in state court focus on Section V of the Lumbermens insurance policy as dispositive on the issue of coverage.

17. *See Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173 (noting that it is not so much the nominal identity of the parties to the parallel suits, but "whether the claims of all parties *in interest* can satisfactorily be adjudicated" (emphasis added)).

18. *Wilton,* 515 U.S. at 283, 115 S.Ct. 2137.

19. *See id.* at 288 n. 2, 115 S.Ct. 2137 ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").