**ASSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**LEGENDARY HOME BUILDERS, INC., f/k/a First American Builders, Inc., Richard D. Horne and Patricia N. Horne, Defendants.**

**No. CIV.A. 02–0537–P–M.**

United States District Court,
S.D. Alabama.
Southern Division.

Jan. 13, 2004.

Company of America ("Assurance") (doc.30), with a Renewed Motion to Dismiss or in the alternative Motion to Stay filed by defendants Richard and Patricia Horne (the "Hornes") in response (doc.31); Assurance's Opposition to the Renewed Motion to Dismiss or in the alternative Motion to Stay and Cross–Motion For Summary Judgment (docs.32–33); the Hornes' Reply to Assurance's Opposition to Renewed Motion to Dismiss (doc.34); and Assurance's Sur–Reply in Opposition to the Renewed Motion to Dismiss or in the alternative Motion to Stay (doc.35), and the Hornes' Reply to Assurance's Sur–Reply (doc.37). The Hornes also filed a Motion to Stay Consideration of Assurance's Cross–Motion For Summary Judgment (doc.36). In response, Assurance filed a Motion For Entry of Judgment and Opposition to the Hornes' Motion to Stay Consideration of Assurance's Cross–Motion For Summary Judgment (doc.38), to which the Hornes responded with an Opposition to Assurance's Motion For Entry of Judgment (doc.39). After careful consideration of all relevant filings presented, Assurance's Motion to Lift Stay is DENIED; the Hornes' Renewed Motion to Dismiss is DENIED, however, their alternative Motion to Stay is GRANTED insofar as this court's June 3, 2003 imposed Stay is AMENDED to remain in effect for the reasons stated herein until the controversy between the parties has been resolved by the Alabama Supreme Court. Further, in light thereof, the Hornes' Motion to Stay Consideration of Assurances' Cross–Motion For Summary Judgment is GRANTED, and Assurance's Motion For Entry of Judgment is DENIED.

Michael E. Upchurch, Frazer, Greene, Upchurch & Baker LLC, Elizabeth Anne Citrin, Alford, Clausen & McDonald, Mobile, AL, Thomas S. Garrett, Wiley, Rein & Fielding, Washington, DC, for Plaintiff.

Christopher G. Hume, III, Miller, Hamilton, Snider & Odom, Jason S. McCormick, McCormick and Brown, LLC, Mobile, AL, for Defendant.

## ORDER AMENDING THE JUNE 3, 2003 STAY ORDER

PITTMAN, Senior District Judge.

Pending before this court in this declaratory judgment action, brought pursuant to 28 U.S.C. § 2201–2202, is a Motion to Lift Stay filed by plaintiff Assurance

### A. Procedural History

The procedural history of, and ongoing proceedings in this action are undisputed

and are the basis for the court's ruling to maintain the Stay imposed on June 3, 2003 (*see* doc.29).

On or about June 27, 1995, the Hornes and Legendary Home Builders, Inc., f/k/a First American Builders, Inc. ("First American"), contracted for the building of a dwelling. Assurance was First American's insurer.

On or about February 17, 2000, the Hornes filed suit against First American and A.R.H. Service Corp., in the Circuit Court of Baldwin County, Alabama. *Richard D. Horne and Patricia N. Horne v. Legendary Home Builders, Inc., f/k/a First American Home Builders, Inc., and A.R.H. Service Corp.*, CV 2000–168 ("the first Horne action"), alleging, *inter alia,* that First American had not constructed their home in a workmanlike manner. The Hornes asserted claims of breach of contract, breach of warranty, and breach of express warranty. Assurance defended First American subject to a reservation of rights. In March 2002, the case went to trial, and a jury awarded the Hornes $750,000.00, for breach of contract and breach of express warranty [1] (doc.8, and doc.20, p. 2, footnote 1).

On July 15, 2002, Assurance filed the subject declaratory judgment action (doc.1). On July 18, 2002, Assurance filed a Notice of Appeal with the Alabama Supreme Court of the jury verdict in the first Horne action (*see* doc.33, Ex.H).

On November 14, 2002, Assurance amended their Complaint For Declaratory Judgment against First American and the Hornes, alleging that First American is insolvent and has demanded indemnity from Assurance for the amount awarded to the Hornes. Assurance contends that it has no obligation to indemnify First American under the terms of the insurance contracts and seeks a declaration of such. Assurance further seeks a declaration that it has no obligation to First American or the Hornes to pay the jury award, or should Assurance be found obligated to either First American or the Hornes, a declaration of the extent of its duty (doc.8).[2]

On February 3, 2003, the Hornes filed a Motion to Dismiss (doc.14). On April 8, 2003, the Magistrate Judge issued a Report and Recommendation recommending that the Hornes' Motion to Dismiss be granted (doc.20). On June 3, 2003, this court modified and adopted the Recommendation, staying rather than dismissing the declaratory judgment action pursuant to *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, n. 2, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, . . . fails to resolve the matter in controversy.") (doc.29). This court stayed the action "pending resolution of [the first Horne action] currently on appeal in the Alabama Supreme Court." *Id.*

On September 3, 2003, Assurance filed the subject Motion to Lift Stay citing the fact that on August 15, 2003, the Alabama Supreme Court affirmed the Judgment in the first Horne action (doc.30, Ex.A).

On September 5, 2003, the Hornes filed their Renewed Motion to Dismiss or in the alternative Motion to Stay which is before this court (doc.31). Contemporaneously with the filing, the Hornes also filed a Fourth Amended Complaint in the first Horne action in the Circuit Court of Bald-

---

1. The jury returned a verdict in favor of A.R.H. Service Corp., as to all claims asserted by the Hornes (doc.8, footnote 1).

2. On December 5, 2002, the Hornes filed their Answer (doc.13).

win County. *Id.* The Hornes' Fourth Amended Complaint adds Assurance as a party to the first Horne action and asserts three additional counts: Count 1—Breach of enhanced duty of good faith under the reservation of rights aspect of Assurance's defense of First American; Count 2—a judgment creditor action pursuant to *Ala. Code* §§ 27–23–1, and 2, against Assurance and First American; and Count 3—garnishment to satisfy the Judgment against First American pursuant to *Ala.Code* § 6–6–370, *et seq.* (doc.31, Ex.1).

On October 22, 2003, the Hornes also filed a separate action in the Circuit Court of Baldwin County ("the second Horne action"), raising the same three counts asserted in their Fourth Amended Complaint in the first Horne action. *Richard D. Horne and Patricia N. Horne v. Assurance Company of America; Legendary Home Builders, Inc., f/k/a First American Builders, Inc.,* CV 2003–1241.[3]

### B. Discussion

Assurance moves to have this court's imposed Stay lifted citing the fact that the Alabama Supreme Court affirmed the Judgment in the first Horne action on August 15, 2003 (doc.30, Ex.A). The Hornes oppose the lifting of the Stay. Both Assurance and the Hornes rely on Alabama substantive and procedural law in support of their opposing positions regarding the issues involved.

Assurance argues, *inter alia,* that the Hornes' Fourth Amended Complaint is a nullity because they failed to seek leave of the Circuit Court to amend, the action is barred by the Alabama Rules of Civil Procedure, and they failed to add Assurance as a party to the first Horne action (doc.32, p. 6, 8–15). Assurance also contends that the claims asserted in the second Horne action constitute compulsory counterclaims to this declaratory judgment action and thus, are barred (doc.35).

The Hornes counter that the underlying controversy arising out of their contractual relationship with First American and Assurance has not been completely resolved in that: The scope of Assurance's declaratory judgment action, confined to a coverage analysis, is not broad enough to afford meaningful consideration of their claims; the substance of Assurance's declaratory judgment action will be addressed by the Circuit Court of Baldwin County, affording Assurance an adequate remedy at law; and proceeding with the declaratory judgment action herein would result in piecemeal litigation (docs.31, 34, 37).

The Hornes also argue that Assurance defended First American in the first Horne action under a reservation of rights, and that such a defense is undertaken with an "enhanced obligation of good faith towards its insured" (docs.31). The Hornes further argue that a claim for breach of the enhanced duty of good faith is deemed to arise out of the insurance contract, and that an insurance company that breaches the enhanced duty of good faith is estopped from denying coverage irrespective of any coverage analysis under the policy. *Id.*

The Hornes also contend that they are statutorily vested under Alabama law with the right to bring a direct action against

---

**3.** On December 29, 2003, this court contacted the Clerk of the Circuit Court of Baldwin County, and discovered that a hearing as to the viability of the Hornes' Fourth Amended Complaint was to be held before Baldwin County Circuit Court Judge James Reid on November 18, 2003. As of December 29, 2003, no ruling was issued. This court also discovered that the second Horne action is set on the Circuit Court's motion docket in January, 2004.

Assurance to collect the Judgment, and to assert any rights arising out of the insurance contract that First American could assert. *Id.* The Hornes also counter Assurance's contention that their claims constitute compulsory counterclaims and are barred (doc.37).

Assurance avers that this court "should exercise its discretion to hear this dispute" (doc.32, p. 7). However, in *Harbor Specialty Ins. Co. v. D.W. McMillan Trust,* 2000 WL 726901 (S.D.Ala. (May 19, 2000)), this court noted that

> [u]nder [the Declaratory Judgment] Act, the Court has discretion whether to entertain a declaratory judgment action. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). In *Brillhart,* the Supreme Court, reversing the Court of Appeals, held that, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, ... it was under no compulsion to exercise that jurisdiction." *Id.* The Court further explained that, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495, 62 S.Ct. at 1175–76. According to the Supreme Court, the question for a federal court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* A district court "may properly refuse declaratory relief if the alternative rem-

edy is better or more effective." *Angora Enterprises, Inc. v. Condominium Assoc. of Lakeside Village,* 796 F.2d 384, 388 (11th Cir.1986). Moreover, a district court may also refuse jurisdiction if "there is a pending action in which some of the questions posed by the declaratory action have or may be raised." *Id.*

It is not necessary that the parties or issues in each case be identical in order for a district court to decline jurisdiction in favor of a state tribunal. "[T]he relevant determination is not whether the state court litigation involves the identical issues *in form* as the federal action, but rather whether the substance of the federally pleaded issues will be resolved in state court." *United States Fidelity & Guar. Co. v. Algernon–Blair, Inc.,* 705 F.Supp. 1507, 1514–15 (M.D.Ala.1988) (emphasis in original). "Exercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures on legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." *Id.* at 1514.

In 1995, the United States Supreme Court reaffirmed its holding in *Brillhart* stating that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995). The *Wilton* Court held that district courts "have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings...." *Id.*

*Harbor Specialty*, 2000 WL 726901 at *3–4 (emphasis in original).[4]

Herein, it is abundantly clear that in order for this court to address the immediate future of this declaratory judgment action, it would be required to delve into issues of Alabama State law which are presently pending before the Circuit Court of Baldwin County. This court finds that to do so would "risk[ ] unnecessary commitment of scarce judicial resources, multiplicative expenditures on legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." *Id.* at *4. Thus, this court finds that this court's June 3, 2003 Stay should remain in effect until the controversy between the parties herein reaches a final resolution in the State court.

## C. Conclusion

Accordingly, it is hereby ORDERED that Assurance's Motion to Lift Stay (doc.30) is DENIED; the Hornes' Renewed Motion to Dismiss is DENIED, however, their alternative Motion to Stay is GRANTED (doc.31), insofar as this court's June 3, 2003 Stay is AMENDED to remain in effect for the reasons stated

herein until the controversy between the parties herein reaches a final resolution in the State court. In light thereof, the Hornes' Motion to Stay Consideration of Assurances' Cross–Motion For Summary Judgment (doc.36) is GRANTED, and Assurance's Motion For Entry of Judgment (doc.38) is DENIED.[5]

This declaratory judgment action shall remain STAYED pending final resolution of the underlying state court actions CV 2002–168 and CV 2003–1241 currently pending in the Circuit Court of Baldwin County, Alabama. Assurance is hereby ORDERED to inform this court in writing within thirty (30) days following final resolution of the above cited civil actions pending in the Circuit Court of Baldwin County, Alabama, at which time this court will reopen this declaratory judgment action.

**4.** In *Harbor Specialty*, the defendant was injured while engaged in his employment. Nineteen days after his injury, his employer's insurer filed a declaratory judgment action asking the Court to declare the rights and responsibilities owed to the defendant under his employer's insurance policy. Approximately two months later, the defendant filed a motion to dismiss the declaratory judgment action under *Brillhart*, contemporaneous with the filing of a state court action against the insurer and its agent asserting claims of breach of contract, bad faith, and negligence, and seeking a declaration that the insurer owed him coverage. This court stayed the

federal declaratory judgment action pending resolution of the subsequently filed state court action, noting that it was under no duty to entertain the action under *Wilton*. *Id.*, at *2–4.

**5.** This court NOTES that on December 31, 2003, Assurance filed a Notice of Substitution of Counsel (doc.41). Jean M. Powers, Esq., of Alford, Clausen & McDonald, L.L.C., withdraws as counsel for Assurance and Michael E. Upchurch, Esq., of Frazer, Greene, Upchurch & Baker, L.L.C., appears on behalf of Assurance.