**GREAT LAKES REINSURANCE PLC, Plaintiff,**

v.

**Henildo LEON and Carlos Leon, Defendants.**

No. 06–21207 CIV.

United States District Court, S.D. Florida.

March 26, 2007.

Steven Goldman, Miami, FL, for Plaintiff.

Daniel W. Raab, Miami, FL, for Defendant.

### ORDER GRANTING IN PART MOTION TO DISMISS/AND OR TO STAY ACTION/NOTICE OF PENDENCY OF ACTION/AND TO STRIKE

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Defendants' Motion to Dismiss/and or to Stay Action/ Notice of Pendency of Similar Action/ and to Strike [sic](DE # 21).

UPON CONSIDERATION of the Motion, and being otherwise fully advised in the premises, the Court enters the following Order:

## I. BACKGROUND

Plaintiff, Great Lakes Reinsurance PLC ("Plaintiff" or "Great Lakes") is a United Kingdom corporation in the business of providing marine insurance coverage. Compl. at 2. Great Lakes issued Marine Insurance Policy No. 200/658/56978 to Henildo Leon and Carlos Leon ("Defendants" or "the Leons") on or about August 3, 2004 affording Hull and Machinery coverage in the amount of $200,000.00 for the Defendants' yacht. *Id.* at 3–4. On or about April 26, 2005, during the period in which it was covered by the policy, Defendants' yacht sustained damage to an engine. *Id.* at 4. Upon receiving notice of the damage, Plaintiff initiated an investigation, which Plaintiff claims established that the yacht was not in "seaworthy condition" at the time the policy began in effect and that the Defendants failed to "exercise due diligence to maintain their vessel in seaworthy condition" during the term of the policy. *Id.* Plaintiff claims that "[n]otwithstanding the facts established by Plaintiff's said investigation, Defendants have made a claim against the Plaintiff under the terms of the Policy ... demanding the full price for effecting extensive repairs [on] the vessel." *Id.* at 5. Plaintiff brought this case pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and asserting six claims in its Complaint. Each claim seeks declaratory judgment "regarding the coverage afforded under the terms" of the policy. *Id.* at 6–19.

Defendants filed the instant Motion, seeking dismissal of this action as duplicative of the prior action filed by the Defendants in state court, Local Case Number 2006–7382–CA–01 in the Circuit Court of the 11th Judicial Circuit in and for Miami–Dade County. Def. Mot. at 1. Defendants explain that the state court suit was initiated regarding the same events and insurance policy, but did not originally include Great Lakes as a defendant. *Id.* at 2. Defendants amended the state court suit to include Great Lakes as a defendant, once they discovered Great Lakes was their actual insurer. *Id.* Defendants seek either dismissal of the instant action, or a stay of this action while the action pending in state court is adjudicated. *Id.* at 2–3. Defendants also claim the Complaint fails to state a cause of action "because it does not state whether or not the policy was ever delivered to the insured," and argue paragraph 17 of the Complaint should be struck as irrelevant. *Id.* at 4.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Standard of Review

■ A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." *Bowers v. Hardwick,* 478 U.S. 186, 201–02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (Blackmun, J., dis-

senting) (quotations omitted); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997).

### B. Discussion

Defendants claim the Complaint fails to state a cause of action "because it does not state whether or not the policy was ever delivered to the insured." Def. Mot. at 3. Defendants are incorrect. Paragraph 2 of the Complaint states "this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendants HENILDO LEON and CARLOS LEON." Compl. at 1–2. Accordingly, Defendants' Motion to Dismiss the Complaint is DENIED.

### III. MOTION TO STRIKE

Defendants also move to strike Paragraph 17 of the Complaint, regarding the lack of proper fire extinguishing equipment, as being irrelevant. Def. Mot. at 4. As the allegations in Paragraph 17 go to support Plaintiff's Fifth Claim, that Defendants breached express warranties in the insurance contract by failing to keep proper fire extinguishing equipment on the vessel, the Motion to Strike is DENIED.

### IV. MOTION TO STAY

According to the long-standing doctrine first articulated by the Supreme Court in *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), "federal district courts enjoy considerable discretion to decline to hear declaratory judgment actions concerning matters already pending in state court." *Eastman Kodak Co. v. Kavlin,* 978 F.Supp. 1078, 1089 (S.D.Fla.1997). As the Supreme Court observed in *Brillhart:*

> [a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction.... [I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart,* 316 U.S. at 494–95, 62 S.Ct. 1173. While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination," the standard is clearly generous. *Angora v. Condominium Ass'n of Lakeside Village, Inc.,* 796 F.2d 384, 387 (11th Cir.1986) (citing *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir.1981)).

In laying out the guidelines for exercising the necessary discretion, the *Brillhart* opinion counseled district courts to:

> [I]nquir[e] into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173.

Applying these guidelines to the facts of this case, this Court finds that the state court action and the present action present the same issues. The essence of the present action for declaratory relief are Great Lakes' arguments that Defendants' actions made the insurance policy void or voidable, and that the incident in which the Defendants' vessel was damaged is not covered by the policy. *See, generally,* Compl. These arguments are certainly available for the Plaintiff as defenses against the state court complaint. Adjudication of this declaratory judgment action will therefore include many of the same arguments, including interpretation of the

same provisions of the Great Lakes insurance policy, and the same witnesses as the state court action.

In arguing against dismissal, Plaintiff Great Lakes notes that the instant action was filed before the Defendants realized "they were not seeking any relief against the party that had issued their policy of marine insurance." Pl. Resp. at 2. However, as noted in *Brillhart*, it is not required that the parties in parallel suits be identical. 316 U.S. at 495, 62 S.Ct. 1173. Additionally, while Defendants admitted having initially omitted Plaintiff from their state court complaint, Def. Mot. at 2, the omission has since been rectified. Def. Mot. at 2. Although Plaintiff argues that jurisdiction in federal court is proper because of Plaintiff's admiralty claims in the declaratory judgment action, Plaintiff does not assert that those claims would not be available as defenses in the state law action. Accordingly, this Court holds that the claims and defenses of all parties in interest can be fully adjudicated in the state proceeding.

### V. *Conclusion*

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss/and or to Stay Action/ Notice of Pendency of Similar Action/ and to Strike (DE # 21) is GRANTED IN PART. Defendants' Motion to Dismiss is DENIED. Defendants' Motion to Strike is also DENIED. Defendants' Motion for a Stay is GRANTED. This action is STAYED until the state court proceedings have been fully adjudicated. This stay "assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n. 2, 115 S.Ct. 2137. It is further

ORDERED AND ADJUDGED that the Clerk of the Court is directed to CLOSE this case for administrative purposes. All pending motions not otherwise ruled on are DENIED AS MOOT. Plaintiff may move to reopen this case depending on the outcome of the state court proceedings.